UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD J. ALLISON,<br><br>    Plaintiff,<br><br>    v.<br><br>THE STATE OF NEVADA, et al.,<br><br>    Defendants. | Case No.  2:22-cv-00329-GMN-EJY<br><br>**ORDER** |

**I.    DISCUSSION**

On February 22, 2022, Plaintiff, an inmate currently located at Clark County Detention Center, submitted what appears to be a proposed civil rights complaint under 42 U.S.C. § 1983. ECF 1-1. However, Plaintiff's submission does not comply with Local Special Rule 2-1. Plaintiff also did not submit an application to proceed *in forma pauperis* or pay the $402 filing fee in this matter.

**A.    Plaintiff's Initiating Document.**

The Court notes that Plaintiff's document at ECF No. 1-1 does not comply with Local Special Rule 2-1 ("LSR 2-1"). Under LSR 2-1, a civil rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by the court <u>or must be legible and contain substantially all the information called for by the court's form</u>. Plaintiff's complaint does neither.

To the extent Plaintiff seeks to certify a potential class of persons who were subjected to the same practices alleged in his Complaint, Plaintiff may not do so. Pro se plaintiffs may only represent themselves; they are prohibited from pursuing claims on behalf of others in a representative capacity. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases and noting that courts routinely prohibit pro se plaintiffs from representing others); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing [pro se] has no authority to represent anyone other

than himself"). Thus, to the extent Plaintiff seeks relief on behalf of a class of similarly situated persons, he cannot do so. **Thus, any amendment to Plaintiff's Complaint must remove requests for relief on behalf of others.**

      **B.**    **There is No Application to Proceed *in Forma Pauperis*.**

Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, an inmate seeking to commence a civil action may apply to proceed *in forma pauperis*, which allows the inmate to file the civil action without prepaying the $402 filing fee. To apply for *in forma pauperis* status, the inmate must submit <u>all three</u> of the following documents to the Court:

    (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, on this Court's approved form (i.e. pages 1 through 3 with the inmate's two signatures on page 3),

    (2) a **Financial Certificate** properly signed by both the inmate and a facility or jail official (i.e. page 4 of this Court's approved form), and

    (3) a copy of the **inmate's facility or jail trust fund account statement for the previous six-month period.** If Plaintiff has not been at the facility a full six-month period, Plaintiff must still submit an inmate account statement for the dates he has been present at the facility.

**II.**    **ORDER**

IT IS HEREBY ORDERED that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original document at ECF No. 1-1.

IT IS FURTHER ORDERED that Plaintiff will have until on or before **May 9, 2022** to submit a complaint in compliance with LSR 2-1. Plaintiff is reminded that **any amendment to Plaintiff's Complaint must remove requests for relief on behalf of others.**

IT IS FURTHER ORDERED that the Clerk of the Court will also send Plaintiff the approved form application to proceed *in forma pauperis* by an inmate, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

IT IS FURTHER ORDERED that on or before **May 9, 2022**, Plaintiff will either pay the $402 filing fee for a civil action (which includes the $350 filing fee and the $52 administrative fee) or file with the Court:

(1) a completed **Application to Proceed *in Forma Pauperis* for Inmate** on this Court's approved form (i.e. pages 1 through 3 of the form with the inmate's two signatures on page 3),

(2) a **Financial Certificate** properly signed by both the inmate and a facility or jail official (i.e. page 4 of this Court's approved form), and

(3) a copy of the **inmate's facility or jail trust fund account statement for the previous six-month period**. If Plaintiff has not been at the facility a full six-month period, Plaintiff must still submit an inmate account statement for the dates he has been present at the facility.

IT IS FURTHER ORDERED that, if Plaintiff does not file a complaint in compliance with LSR 2-1 and a complete application to proceed *in forma pauperis* with all three documents or pay the $402 filing fee for a civil action on or before **May 9, 2022**, the Court will recommend dismissal of this action <u>without prejudice</u> for Plaintiff to refile the case with the Court, under a new case number, when Plaintiff is able to file a complaint in compliance with LSR 2-1, has all three documents needed to file a complete application to proceed *in forma pauperis* or pays the $402 filing fee.

DATED this 9th day of March, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE